IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01187-PAB-BNB

DJO, LLC

    Plaintiff

v.

PAT BROE,
THE BROE CHILDREN'S TRUST,
RANDY HOFFMAN,
BROE MANAGEMENT COMPANY LLC, d/b/a The Broe Group,
THE BROE COMPANIES, INC.,
MCKINLEY MEDICAL, LLC,

    Defendants.

---

## ORDER OF DISMISSAL

---

This matter is before the Court on plaintiff's response [Docket No. 6] to the Court's Order to Show Cause [Docket No. 4].

As the Court stated in the May 6 Order, a federal court must satisfy itself as to its own jurisdiction in every case and at every stage of the proceeding, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the

existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873. Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004); *U.S. Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). In its amended complaint, plaintiff [Docket No. 5] alleges that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). Section 1332(a)(3) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties . . . ."

While, for diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," 28 U.S.C. § 1332(c)(1); *see Carden v. Arkoma Assocs.*, 494 U.S.

185, 196 (1990),[1] these considerations are irrelevant to the determination of the citizenship of a limited liability company ("LLC").  Although the Supreme Court and the Tenth Circuit have not spoken specifically on the issue of citizenship of LLCs, the consensus throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens.  *See U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at * 2 (D. Colo. July 10, 2009) (listing cases); *Smith v. Locher*, No. 10-cv-00999-MSK, 2010 WL 2342475, at *1 (D. Colo. June 8, 2010).  Furthermore, when an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes.  In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court.  *See U.S. Advisor, LLC*, 2009 WL 2055206, at * 2; *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06-88-A, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007); *cf. Carden*, 494 U.S. at 195 ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").

---

[1] A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, --- U.S. ----, 130 S. Ct. 1181, 1192 (2010).

The amended complaint alleges that

> Broe Management Company LLC (d/b/a The Broe Group) ("BMC"), is a limited liability company formed in Colorado. BMC has a principal place of business at 252 Clayton Street, Denver, Colorado and does business under the trade name 'The Broe Group.' . . . Upon information and belief, based upon BMC's Articles of Organization, BMC's managers are Pat Broe and Robert J. Jacobs ("Jacobs"), and Pat Broe and Jacobs are its only known members . . . Both are natural persons, residents of Colorado, and domiciled in Colorado.

Docket No. 5 at 4. It is not clear that any of an LLC's members can be determined from its articles of organization, as managers of an LLC are not necessarily members of the LLC under Colorado law. *See* Colo. Rev. Stat. § 7-80-402. However, even assuming that Broe and Jacobs are members of BMC, plaintiff's allegation that Broe and Jacobs are its "only known members" is insufficient. *See* Docket No. 5 at 4. This Court has previously noted that "[w]hile various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court." *U.S. Advisor, LLC*, 2009 WL 2055206, at *3 (citing *Carden*, 494 U.S. at 196) (in discussing the citizenship of non-corporate artificial entities for diversity purposes, the Court noted that "[t]he resolutions we have reached . . . can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization.").

Because plaintiff's amended complaint and response to the Order to Show Cause fail to adequately allege the citizenship of defendant BMC's members, it is

**ORDERED** that this case is dismissed without prejudice due to this Court's lack of subject matter jurisdiction.

DATED May 20, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge